## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

PROTECTIVE LIFE INSURANCE COMPANY, et al.,

          Plaintiffs,

v.                                                  CIVIL ACTION NO.   2:25-cv-00076

MARIE M. STAMPER, et al.,

          Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Marie Stamper's ("Defendant Stamper") Motion for Default Judgment against Defendant Tara Willis ("Defendant Willis"), (ECF No. 12), and Defendant Willis's Motion to Set Aside Default Judgment, (ECF No. 15).  For the reasons discussed herein, Defendant Stamper's motion, (ECF No. 12), is **DENIED**, and Defendant Willis's motion, (ECF No. 15), is **DENIED IN PART AS MOOT** and **GRANTED IN PART.**

### I.    BACKGROUND

Plaintiffs Protective Life Insurance Company and Athens Annuity & Life Assurance Company f/k/a Liberty Life Insurance Company (collectively, "Interpleader Plaintiffs") filed the instant Complaint-in-Interpleader to determine the proper beneficiary of the late Don. M. Stamper's (the "Decedent") $100,000.00 life insurance policy.  (ECF No. 1.)  Specifically, the Interpleader Plaintiffs seek a determination of whether Defendant Stamper or Defendant Willis is the proper beneficiary.  (*Id.*)

1

On April 8, 2025, the Interpleader Plaintiffs filed a request for entry of default against Defendant Willis.  (ECF No. 11.)  In response, the Clerk of this Court entered default as to Defendant Willis on April 15, 2025.  (ECF No. 13.)

Before the Clerk of the Court entered default, Defendant Stamper filed a Motion for Default Judgment against Defendant Willis on April 11, 2025.  (ECF No. 12.)  No response was filed. On April 23, 2025, however, Defendant Willis filed a "Motion to Set Aside Default Judgment and Grant Leave to File a Late Answer to Complaint in Interpleader."[1]  (ECF No. 15.)  No response was filed.   As such, both of these motions are fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

District courts may enter default judgment against a properly served party under Federal Rule of Civil Procedure 55.   Rule 55(a) provides for entry of default where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend[.]"   Fed. R. Civ. P. 55(a).   After the clerk enters default, a party may move the court for default judgment pursuant to Rule 55(b).   *See* Fed. R. Civ. P. 55(b).

However, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (providing that "any doubts about whether relief should be granted should be resolved in favor of setting aside the

---

[1] Defendant Willis's moves, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), to "set aside default judgment" and for leave "to file a late answer."  (ECF No. 15.)   Defendant Willis contemporaneously filed her late answer on the same day.  (ECF No. 16.)   Based on these citations and the request to file a late answer, the Court interprets this as (1) a motion to set aside an entry of default under Rule 55(c); and (2) a motion for relief from a final order of default judgment under Rule 60(b).

default so that the case may be heard on the merits"). As such, the Court may set aside entry of default for "good cause," and it may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c).

### III.    DISCUSSION

As an initial matter, Defendant Stamper moved for default judgment under Rule 55(b). (ECF No. 12.) However, this motion was made before default was entered under Rule 55(a). (*See* ECF No. 13.) Further, Defendant Stamper's motion does not include *any* legal standard for default judgment under Rule 55(b) or an appropriate argument under such standard. (*See* ECF No. 12.) Defendant Stamper also failed to file a supporting memorandum of law with her motion, as is required by Rule 7.1(a)(2) of the Local Rules of Civil Procedure. Therefore, Defendant Stamper's Motion for Default Judgment, (ECF No. 13), is **DENIED**.[2]

The Court now turns to Defendant Willis's motion to set aside default and for leave to file a late answer. The United States Court of Appeals for the Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default:

> (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic.

*United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). The Court has suggested that the reasonable promptness and meritorious defense factors hold the most weight and, generally, the entry of default should be set aside when those factors, alone, are met. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

---

[2] Because Defendant Stamper's Motion for Default Judgment is denied, Defendant Willis's Motion to Set Aside Default Judgment, (ECF No. 15) is **DENIED AS MOOT**, insofar as she seeks to have default judgment set aside.

Here, Defendant Willis does not expressly argue any of the above factors. (*See* ECF No. 15.) Nevertheless, she appears to present arguments under the reasonable promptness and meritorious defense factors. (*See id.*) Each is discussed in turn below.

### A. *Reasonable Promptness*

The Court must determine if a party acted reasonably promptly to set aside an entry of default "in light of the facts and circumstances of each occasion." *Moradi*, 673 F.2d at 727. Still, the Fourth Circuit has held that a movant "did not act promptly" by filing a motion to set aside an entry of default approximately two and one-half months after the default was entered. *Consol. Masonry & Fireproofing, Inc.*, 383 F.2d at 251. Conversely, "[d]istrict courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." *Cobb v. Equifax Info. Servs.*, No. 2:18-CV-00992, 2018 WL 6313011, at *2 (S.D. W. Va. Dec. 3, 2018) (Goodwin, J.) (collecting cases).

Here, Defendant Willis was not represented when she was initially served with summons. (ECF No. 15 at 1, ¶ 1.) Defendant Willis was served with the Clerk's entry of default on April 18, 2025. (ECF No. 14.) In her motion, she alleges that she "immediately . . . contacted a person who put [her] in contact with [] counsel" upon receipt of the Clerk's entry of default.[3] (ECF No. 15 at 2, ¶ 5.) Then, Defendant Willis's pending motion was filed five days later on April 23, 2025. (*See generally id.*) As such, Defendant Willis acted in a reasonably prompt manner upon receiving notice of the entry of default.

---

[3] Defendant Willis's motion says she made these contacts "upon receipt of the Default Judgment." (ECF No. 15 at 2, ¶ 5.) Because default judgment has not been entered, the Court assumes Defendant Willis is referring to the Entry of Default.

### B.  Meritorious Defense

Under this factor, "the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001).  Even if a defense is tenuous, this factor should weigh in favor of granting a motion to set aside the default. *See Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994).

As discussed above, the Interpleader Plaintiffs initiated this matter to determine whether Defendant Stamper or Defendant Willis is the proper beneficiary of the Decedent's $100,000.00 life insurance policy.  (ECF No. 1.)  The Complaint-in-Interpleader itself states that Defendant Willis was designated as the policy's primary beneficiary at the time of Decedent's death.  (*Id.* at 4, ¶¶ 15–17.)  While Defendant Willis did not file a timely answer to the Complaint-in-Interpleader, she asserts in her motion that she "paid the premiums on the policy in question for many years and has documents, which establish the proof thereof."  (ECF No. 15 at 2.)  Defendant Willis also claims that the Decedent's intention "was that Ms. Stamper was to be the beneficiary of one policy and [Ms. Willis] was to be the beneficiary of this one, particularly in light of the premiums she had paid."  (*Id.*)  In fact, Defendant Willis states that the Decedent "executed a Will . . . wherein he devised and bequeathed the life insurance to [Defendant Willis]."  (*Id.*)  If these initial claims are proven true, this Court or a jury may find in Defendant Willis's favor.  *Cf. Rasmussen*, 155 F.R.D. at 552 ("[A]lthough Defendant has neither presented nor proffered evidence supporting its defense . . . those denials, if believed by the finder of fact, would permit a verdict for the Defendant.").  Thus, the Court finds that at this early stage in the litigation,

Defendant Willis has adequately presented meritorious arguments that weigh in favor setting aside the default.

### C. *Other Factors*

In assessing the personal responsibility of the party, the Court notes that Defendant Willis may be to blame for the entry of default, as there is evidence that she was served on February 14, 2025. (ECF No. 9.) However, Defendant Willis's counsel acted promptly upon entry of default to move this Court to set the default aside and move forward to the merits of Plaintiff's case. *Cf. Rasmussen*, 155 F.R.D. at 551 ("Particular attention should be paid to whether the defaulting party or their counsel should bear responsibility for the delay. Courts should be more inclined toward relief in those cases in which the defaulting party is to blame." (quoting *Palmetto Fed. Sav. Bank of S.C. v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925, 929–30 (D.S.C. 1991))). There also is no evidence currently before the Court indicating a history of dilatory action by Defendant Willis. Further, the Court is aware of no prejudice to any other party that would result from setting aside default against Defendant Willis. In fact, no party filed a response in opposition to Defendant Willis's motion. Finally, a reminder that the rules are to be followed from this point forward may be a more appropriate and lesser sanction than entry of default. While Defendant Willis has come in this case later than anticipated, future deadlines will be explicitly set in this Court's forthcoming Order and Notice, as well as the eventual Scheduling Order, and the Court expects all parties to meet them. In fact, the Court reminds and expects *all parties* to follow the Federal Rules of Civil Procedure and Local Rules of Civil Procedure moving forward.

Therefore, all factors weigh in favor of setting aside the entry of default against Defendant Willis. Accordingly, because good cause exists, Defendant Willis's motion is **GRANTED** insofar as she seeks to set aside the entry of default.

### IV.    CONCLUSION

For the foregoing reasons, Defendant Stamper's motion, (ECF No. 12), is **DENIED**, and Defendant Willis's motion, (ECF No. 15), is **DENIED IN PART AS MOOT,** to the extent that she seeks relief from a final order of default judgment. Defendant Willis's motion, (ECF No. 15), is **GRANTED IN PART**, to the extent that she seeks to set aside the entry of default. The Court further **ORDERS** that Defendant Willis's Answer, (ECF No. 16), is **DEEMED FILED** as a responsive pleading to the Complaint-in-Interpleader, effective as of the date of the filing.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    May 22, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

7