# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**PROTECTIVE LIFE INSURANCE COMPANY and ATHENE ANNUITY & LIFE ASSURANCE COMPANY f/k/a LIBERTY LIFE INSURANCE COMPANY,**

      **Interpleader Plaintiffs,**

  **v.**                                                      **Case No.: 2:25-cv-00076**

**MARIE M. STAMPER and
TARA C. WILLIS,**

      **Interpleader Defendants.**

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Interpleader Defendant Marie M. Stamper's Motion for Summary Judgment, (ECF No. 32), and Memorandum in Support, (ECF No. 33). No response was filed. Although no response was filed, the Court nevertheless independently reviewed the record, including the exhibits attached to the motion, and concludes that Ms. Stamper satisfied her burden under Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Motion for Summary Judgment, (ECF No. 32), is **GRANTED**.

1

## I.      **Factual and Procedural Background**

This action began as an interpleader proceeding concerning the proper beneficiary of a life insurance policy issued on the life of Don M. Stamper (the "Insured") with a death benefit of $100,000.00. (ECF No. 1 at 2, 5). Plaintiffs Protective Life Insurance Company and Athene Annuity & Life Assurance Company f/k/a Liberty Life Insurance Company filed the Complaint-in-Interpleader after competing claims were asserted by Interpleader Defendants Marie M. Stamper and Tara C. Willis. (*Id.* at 1, 5). Marie Stamper is the former spouse of the Insured, and Tara Willis is the Insured's former significant other. (*Id.* at 2).

On or about July 19, 2019, Protective received a Change of Beneficiary form designating Ms. Willis as the primary beneficiary of the policy. (ECF No. 1 at 3). Protective acknowledged that beneficiary change by letter dated August 2, 2019. (*Id.*).

On or about June 11, 2024, Protective received a written Change of Beneficiary form designating Ms. Stamper as the primary beneficiary of the policy. (ECF No. 1 at 3). The June 2024 beneficiary designation form identifies Marie M. Stamper as the primary beneficiary and bears the Insured's signature. (ECF No. 32-7 at 9-11). The form also directed correspondence regarding the policy to be mailed to the Insured at 2 Barnett Drive, St. Albans, West Virginia 25177. (*Id.* at 9-10). Protective acknowledged the June 2024 beneficiary change by letter dated June 17, 2024. (ECF No. 32-5 at 1-2).

On or about July 1, 2024, a beneficiary change was made through the Insured's online account purporting to redesignate Ms. Willis as the primary beneficiary. (ECF No. 1 at 4). The customer email address associated with that online transaction was wtc12610@gmail.com. (*Id.*). Protective acknowledged the July 1, 2024, beneficiary change by letter addressed to 902 Jackson Road, St. Albans, West Virginia, which was Ms. Willis's address. (ECF No. 32-5 at 1).

The Insured died on August 30, 2024. (ECF No. 1 at 4). Thereafter, Ms. Stamper challenged the validity of the July 1, 2024, online beneficiary change and asserted that Ms. Willis changed the beneficiary designation without the Insured's authorization. (*Id.*).

Given the competing claims to the policy proceeds, the Interpleader Plaintiffs initiated this action and later deposited the $100,000.00 death benefit into the Registry of the Court pursuant to the Court's Order Granting Joint Stipulation for Interpleader Plaintiffs' Deposit of Insurance Policy Proceeds, Discharge of Liability, and Dismissal with Prejudice. (ECF Nos. 19, 21, 23). The Interpleader Plaintiffs were subsequently dismissed from this action with prejudice. (ECF No. 21).

During discovery, Ms. Stamper served Requests for Admissions, Interrogatories, and Requests for Production of Documents on Ms. Willis on September 11, 2025. (ECF Nos. 28, ember 11, 2025, and the time for responding expired without objection or response before the filing of the summary judgment motion. No response or objection by Ms. Willis to those requests appears on the docket.

Accordingly, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, the following matters are deemed admitted:

1. The email address wtc12610@gmail.com was Ms. Willis's personal email address on July 1, 2024;

2. Donald Stamper did not access Ms. Willis's email account on July 1, 2024;

3. Ms. Willis directed the insurer to change the beneficiary designation using her personal email address on July 1, 2024;

4. Donald Stamper did not authorize Ms. Willis to change the beneficiary of the subject life insurance policy from January 1, 2024 through the date of his death; and

5. Ms. Willis used a computer or other electronic device in an attempt to change the beneficiary designation from Marie Stamper to herself on July 1, 2024.

(ECF No. 32-6 at 1-4).

The record does not reflect that Ms. Willis moved to withdraw or amend the admissions pursuant to Rule 36(b), nor did she seek additional time to respond to the requests for admissions. Matters deemed admitted under Rule 36 are conclusively established unless the Court permits withdrawal or amendment. Fed. R. Civ. P. 36(b).

## II.    **Standard Of Review**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of material fact exists if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *Id.* at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is met, the nonmoving party must come forward with specific facts demonstrating a genuine issue for trial. *Anderson*, 477 U.S. at 256. Where a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2).

Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, a matter contained in a request for admission is admitted unless, within thirty days after service, the party to whom the request is directed serves a written answer or objection. Admissions obtained

4

pursuant to Rule 36 may serve as the factual basis for summary judgment. *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 993-94 (4th Cir. 1990).

### III.  <u>Discussion</u>

The dispositive issue is whether the July 1, 2024, online beneficiary change effectively superseded the June 2024 written beneficiary designation naming Ms. Stamper as the primary beneficiary of the policy. Under West Virginia law, substantial compliance with policy requirements governing a beneficiary change is sufficient to effectuate the insured's intent. *Union Mut. Life Ins. Co. v. Lindamood*, 152 S.E. 321, 323 (W. Va. 1930). When the insured undertakes affirmative acts demonstrating an intent to change beneficiaries, courts generally give effect to that intent. *Provident Life & Accident Ins. Co. v. Dotson*, 93 F. Supp. 538, 541 (S.D. W. Va. 1950).

Here, the undisputed evidence establishes that a written Change of Beneficiary form was submitted to Protective in June 2024 designating Ms. Stamper as the primary beneficiary of the policy. (ECF Nos. 1 at 3, 32-7 at 9-11). Protective acknowledged that beneficiary change by correspondence dated June 17, 2024. (ECF No. 32-5 at 1-2). The record further establishes that the subsequent July 1, 2024, online beneficiary change purporting to redesignate Ms. Willis as beneficiary was not authorized by the Insured. Through the deemed admissions under Rule 36, which are binding for purposes of this action, Ms. Willis admitted that the email address associated with the July 1, 2024 online transaction belonged to her; that Donald Stamper did not access that email account on July 1, 2024; that she directed the insurer to change the beneficiary designation using that email account; that Donald Stamper did not authorize her to change the beneficiary designation from January 1, 2024 through the date of his death; and that she used a

5

computer or electronic device in an attempt to change the beneficiary designation from Marie Stamper to herself on July 1, 2024. (ECF No. 32-6 at 1-4).

The record contains no evidence creating a genuine dispute of material fact concerning the validity of the July 1, 2024, online beneficiary change. Likewise, Ms. Willis produced no evidence disputing the validity of the June 2024 written beneficiary designation, naming Ms. Stamper as the primary beneficiary. The exhibits attached to the motion were produced during discovery, and no objection to authenticity or admissibility has been asserted.

Here, the undisputed evidence demonstrates that a written beneficiary designation was submitted in June 2024, naming Ms. Stamper as beneficiary and that Protective acknowledged that designation. (ECF Nos. 1 at 3, 32-5 at 1-2, 32-7 at 9-11). Nothing in the summary judgment record contradicts the evidence establishing that the July 1, 2024, online transaction was initiated through Ms. Willis's personal email account and that the transaction was not authorized by the Insured. (ECF No. 32-6 at 1-4). Accordingly, the July 1, 2024, online transaction was ineffective to alter the previously acknowledged June 2024 beneficiary designation. The Court need not determine whether Ms. Willis engaged in fraud or other misconduct. The undisputed evidence establishes only that the July 1, 2024, online beneficiary change was not authorized by the Insured.

Viewing the evidence in the light most favorable to Ms. Willis, the Court finds no genuine dispute of material fact concerning entitlement to the policy proceeds. Since the June 2024 written beneficiary designation is supported by unrebutted documentary evidence and the only evidence concerning the July 1, 2024, online transaction establishes that it was not authorized by the Insured, no reasonable factfinder could conclude that

6

Ms. Willis was the valid beneficiary at the time of the Insured's death. Ms. Stamper is entitled to judgment as a matter of law.

## IV. <u>Conclusion</u>

For the reasons set forth above, Interpleader Defendant Marie M. Stamper's Motion for Summary Judgment, (ECF No. 32), is **GRANTED**. The Court **FINDS** that Marie M. Stamper is entitled to the full amount of the proceeds deposited into the Registry of the Court pursuant to the Court's August 7, 2025, Order. (ECF No. 21). There being no remaining claims or parties before the Court, this matter is **DISMISSED** and **STRICKEN** from the active docket.

The Clerk is **DIRECTED** to (1) disburse the registry funds, together with any accrued interest, to Marie M. Stamper, care of counsel of record, subject to the Court's standard registry procedures and (2) send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

**ENTERED:** May 8, 2026

Joseph K. Reeder
United States Magistrate Judge